## ARTHUR SAYLOR v. THE MOTOR INN AND ANOTHER.[1]

April 13, 1917.

Nos. 20,287—(112).[2]

**Evidence admissible.**

Under a complaint alleging that defendants' negligence in operating an

[1]Reported in 162 N. W. 71.
[2]April, 1917, term calendar.

automobile over a highway at a dangerous rate of speed resulted in killing plaintiff's cow, it was not error to admit evidence that defendants did not turn the car out of the wheel ruts but passed in close proximity to plaintiff's wagon and cow. [Reporter.]

From a judgment taken by default in justice court defendants appealed to the district court for Aitkin county upon questions of law and fact. The appeal was tried before Wright, J., who when plaintiff rested denied defendants' motion to dismiss the action, and a jury which returned a verdict for $53.40. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*W. M. O'Hara*, for appellants.

*F. W. Allin*, for respondent.

PER CURIAM.

Defendant's automobile was so operated at the time and place complained of that it struck the leg of plaintiff's cow, tied and being led along the highway behind his wagon, necessitating the killing of the animal. This action was brought in justice court to recover the value of the cow, upon the claim that the injury was occasioned by the negligence of defendant. Plaintiff had default judgment before the justice, and defendant appealed to the district court upon questions of law and fact. Upon the trial in that court plaintiff had a verdict for $53.40. Defendant appealed from an order denying a new trial.

The only question presented is whether the court erred in admitting certain evidence tendered by plaintiff in support of the allegations of negligence found in the complaint. We find no error in admitting such evidence. The complaint alleged "that the said defendants * * * not regarding their duty in that respect, so carelessly and negligently ran and operated an automobile over the said highway at a high and dangerous rate of speed that the same ran against the said cow of the plaintiff so severely injuring said animal as to make the killing of said animal necessary."

Plaintiff offered evidence tending to show not only that the car was operated at a high speed, but that defendant did not turn the car out as it passed plaintiff's wagon, by the side of the road, and behind which the injured cow was tied, and passed the same in the traveled track and in close proximity to the wagon and cow. Defendant objected to the evidence tending to show that the car continued in the traveled track and in the wheel ruts thereof as not embraced within the allegations of the complaint; the theory of defendant being that the charge of running the car at a high and dangerous speed was the only charge of negligence made by the complaint. The objection was properly overruled. The evidence objected to did not establish or tend to

establish an independent ground of negligence, but rather to disclose the situation at the time, and to emphasize the danger of operating the car at a high speed under such circumstances. The court was therefore right in admitting the evidence and right also in refusing to instruct the jury to disregard it.

This covers the case.

Order affirmed.